P. Howard Bailey, Jr.
Law Offices of Howard Bailey, Jr.
1005 Broadway
Lubbock, TX 79401
Phone (806)744-3875
Fax (806)744-3878
E-mail: howard@howardbaileylaw.com
SBN: 01533700
*Attorney for Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE: JASON KYLE MORRIS,**<br>**Debtor.** | §<br>§<br>§ | **CASE NO. 13-50150-RLJ-7** |
| **JASON KYLE MORRIS,**<br>**Plaintiff.**<br><br>**vs.**<br><br>**TEXAS WORKFORCE COMMISSION,**<br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **ADVERSARY NO.** 15-5016 |

**MOTION TO DETERMINE THE VALIDITY OR IN THE
ALTERNATIVE EXTENT OF LIEN OF TEXAS
WORKFORCE COMMISSION**

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE PRESIDING:**

Jason Morris, Debtor, respectfully represents:

1. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on May 29, 2013, and an Order was entered by this Court discharging Debtor's Chapter 7 bankruptcy on October 3, 2013. His counsel throughout the bankruptcy proceeding was Robert C. Heald.

2. Debtor filed a Motion to Reopen Bankruptcy Case which was granted by the Court on November 17, 2015.

3. The Texas Workforce Commission asserts a lien against Debtor for unpaid taxes. Debtor, in his Chapter 7 proceeding, scheduled as unsecured claims, unpaid taxes owed to the Texas Workforce Commission. In addition, Debtor scheduled six (6) wage claims under the Labor Law Payment Division of the Texas Workforce Commission. The Texas Workforce Commission did not file any objections or proofs of claim; they did, however, have a preexisting tax lien of record. Their claim is therefore unsecured except as to the extent of nonexempt property owned by the estate at the time of filing.

4. The only asset available to the Texas Workforce Commission upon which the lien could have attached was a judgment held by the Debtor in lawsuit 2009-564,438 for $56,866.34, a judgment the Trustee deemed uncollectible and abandoned to the estate. All other assets were exempt to the Debtor.

5. Following the discharge, Debtor, through new counsel J. Edwin Price approached the Texas Workforce Commission in an attempt to resolve his debt and obtain release of the lien. Debtor's prior counsel, Robert C. Heald had also made efforts to get the lien released. Both Price and Heald had discussed the matter with a representative of the Texas Workforce Commission, a Mr. Richard Mills, who told both lawyers that the wage claims must be paid and that if those claims were paid, he would release the lien.

6. On or about April 16, 2015, Price hand delivered a cashier's check for $9,330.47 to Richard Mills at the Lubbock office of the Texas Workforce Commission where Price was again assured in person that the lien would be promptly released.

7. When Price inquired about the lien release the following week, he was directed to call Austin where he was told that Mills did not have the authority to release any liens and that the lien would not be released.

8. Price attempted to get management to reconsider, appealed to counsel for the Texas Workforce Commission at the Attorney General's office, attempted to discuss it directly with Mr. Mills who would not return his phone calls and even obtained intervention of State Representative Dustin Burrows. The result was that the Texas Workforce Commission now takes the position that Mr. Mills never agreed to release the lien, directly in contradiction of his statements to both Price, Heald and the actions of the Debtor in borrowing funds from a bank and paying the wage claims.

9. Price again contacted the Texas Workforce Commission and offered to have his client formally assign the judgment described in paragraph 4 to the Texas Workforce Commission. Again the Texas Workforce Commission declined.

10. The Debtor seeks an Order of this Court finding that the lien of the Texas Workforce Commission is invalid. In the alternative the Debtor asks the Court to enter an Order that the Texas Workforce Commission lien extends and attaches only to the judgment described in paragraph 4 above.

11. The Texas Workforce Commission has acted fraudulently and in complete bad faith in its dealings with Debtor and its counsel in this matter. The Texas Workforce Commission's representative, Richard Mills, on information and belief, has lied about his agreement on behalf of the Texas Workforce Commission to release the lien in exchange for Debtor's borrowing $9,330.47 from a bank and paying said sum via a cashier's check to his office to satisfy the six (6) wage claims. The continued existence of this lien has very negatively impacted Debtor's attempts to get a fresh start and begin his new business.

12. Debtor would pray the Court Order all costs and attorney's fees be paid by the Texas Workforce Commission due to the bad faith and outright dishonesty of its agent in this matter.

WHEREFORE, Debtor prays that the Court enter an Order finding that the lien of the Texas Workforce Commission against Jason Kyle Morris is invalid and Ordering said lien released; or alternatively Order that said lien solely attaches to the lawsuit described in paragraph number 4 above; and further Order that all costs and attorney's fees incurred by Debtor shall be Ordered paid by the Texas Workforce Commission and for such other and further relief as the Court deems just and proper.

Respectfully Submitted:

**P. Howard Bailey, Jr.**
**Law Offices of Howard Bailey, Jr.**
**1005 Broadway**
**Lubbock, TX 79401**
**Phone (806)744-3875**
**Fax (806)744-3878**
**E-mail: howard@howardbaileylaw.com**
**SBN: 01533700**
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of December 2015, service of the foregoing document was made by placing a true and correct copy in the U.S. Mail, postage prepaid or electronically to the following:

Kimberly Walsh
Attorney General Office
Via ECF

P. HOWARD BAILEY