

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 28, 2016**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| JASON KYLE MORRIS, | § | Case No.: 13-50150-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| JASON KYLE MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 15-05016 |
| | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| | § | |
| Defendant. | § | |

Page 1

## **MEMORANDUM OPINION AND ORDER**

Defendant, Texas Workforce Commission (TWC), moves to dismiss this action under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, contending that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted.[1] Plaintiff, Jason Kyle Morris (Morris), disagrees and opposes the motion.

**I.**

By this action, Morris requests that a tax lien asserted by the TWC against him be declared invalid because, he alleges, the TWC agreed to release the lien upon his payment of $9,330.47, which he submits he has made. Alternatively, he requests that the Court find that the lien, at most, attached only to a $56,866.34 judgment held by Morris at the time Morris filed his bankruptcy case. (The TWC's claim for unpaid taxes, which gave rise to the lien, was a listed claim in Morris's bankruptcy case; and the judgment was a listed asset in the case.)

The TWC argues that the Court lacks subject matter jurisdiction of Morris's claims because they arise from post-bankruptcy relations, at least as they concern the alleged agreement between Morris and the TWC. The TWC submits that any outcome of these actions would have no conceivable effect on the bankruptcy estate. *See* 28 U.S.C. § 1334(b) (providing for bankruptcy jurisdiction of civil proceedings arising under the Bankruptcy Code, or arising in or related to a bankruptcy case).

For Morris's alternative relief—that the TWC's lien be deemed to have attached only to the judgment—the TWC submits that such request fails to state a claim for proper relief. The TWC characterizes this claim as an invalid attempt to "strip down" its lien. For this proposition, the TWC

---

[1] Federal Rule 12(b) applies in adversary proceedings filed in the bankruptcy court under Rule 7012 of the Federal Rules of Bankruptcy Procedure. In addition, this adversary proceeding was initiated with Morris's *Motion to Determine the Validity or in the Alternative Extent of Lien of Texas Workforce Commission* [Docket No. 2]. The Court will refer to the motion as the "original complaint."

relies on the case of *Geisler v. Internal Revenue Serv. (In re Geisler)*, 539 B.R. 253 (W.D. Pa. 2015), in which, as stated by the TWC, "[t]he *Geisler* court found that such an attempt was not a plausible cause of action because liens pass through Chapter 7 bankruptcy unaffected. Even if the underlying debt is discharged, *in rem* actions against property subject to the lien are not affected." TWC's *Motion to Dismiss Adversary* ¶ 15 (citing *Geisler*, 539 B.R. at 260 (citing *Dewsnup v. Timm*, 502 U.S. 410 (1992))). In support of this argument, the TWC states that its lien attached to all non-exempt property owned by the estate at the time Morris filed bankruptcy and that, as such, there is no need to request further relief from the Court. The TWC further argues that "if . . . it is later discovered that Debtor failed to disclose any property to which the Lien would attach, Debtor's requested alternative relief would only interfere with the TWC's rights with regard to such property." *Id.* ¶ 16.

## II.

The TWC's 12(b)(1) motion is a facial attack of the allegations made by Morris's original complaint. If a 12(b)(1) motion challenges whether the complaint alleges sufficient facts upon which subject matter jurisdiction can be based, a court can dismiss such claim based on the complaint alone. *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008). In a facial attack, the court accepts all material allegations in the complaint as true and construes them in the light most favorable to the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The Court does not look beyond the allegations of the complaint. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief. A Rule 12(b)(6) motion is appropriate if the plaintiff has not provided fair notice of his claim with factual

allegations that, when accepted as true, are plausible and not merely speculative. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Motions to dismiss for failure to state a claim are generally viewed with disfavor. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### III.

The Court grants the TWC's motion in part and denies it in part. The Court does not have jurisdiction to decide the effect of the alleged agreement on the lien, as such agreement arose well after Morris filed his bankruptcy case, and, according to the original complaint, payment under the agreement was made on April 16, 2015, well after the case was closed. The resolution of this dispute would have no effect on this closed bankruptcy case. It is, simply, a post-bankruptcy dispute between two parties that is controlled by state law. Such claim must therefore be dismissed.

Jurisdiction does lie on the question of whether the TWC's asserted tax lien attaches only to the judgment. For this, the Court assumes from the pleadings that the TWC holds a valid claim for unpaid taxes and that the tax lien attached to any non-exempt property that was part of Morris's bankruptcy estate. The bankruptcy court has jurisdiction to issue clarifying orders to determine the effect of a discharge order. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (holding that the bankruptcy court has jurisdiction to interpret and enforce its own prior orders). The request made here by Morris seeks a determination that, in light of the discharge he received in the chapter 7 case, the TWC's tax lien could only attach to property that existed at the time Morris filed his bankruptcy case. This issue could not have arisen but for the bankruptcy case; it therefore satisfies the "arising in" test for bankruptcy jurisdiction. *See Simmons v. Johnson, Curney & Fields, P.C. (In re Simmons)*, 205 B.R. 834, 844 (Bankr. W.D. Tex. 1997). An "arising in" proceeding can exist independent of a "related to" proceeding. 1 *Collier on Bankruptcy* ¶ 3.01[3][e][iv] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2015). Using examples such as "determining the

dischargeability of debts, discharges, confirmation of plans and like matters," *Collier* concludes that:

> [i]n none of these instances is there a "cause of action" created by statute, nor could any of the matters illustrated have been the subject of a lawsuit absent the filing of a bankruptcy case. Since they are not "related" proceedings and do not "arise under title 11," they must perforce "arise in" the title 11 case.

*Id.*

The Court can determine if the TWC's tax lien attached to any estate property. It can likewise determine the effect of Morris's discharge on the TWC's claim that is ostensibly secured by the tax lien. And it can determine the propriety of the TWC's attempts to enforce the tax lien against property acquired by Morris after his bankruptcy filing. *See* 11 U.S.C. § 524(a)(2). Morris's complaint provides fair notice of these issues and presents a plausible claim for relief. Finally, the TWC's assertion that it may be later discovered that Morris failed to disclose property to which the lien would attach is sheer conjecture. The TWC offered no evidence or other bases to support this "what if" scenario.

It is hereby

ORDERED that the TWC's 12(b)(1) motion is granted as to Morris's claim that the tax lien must be invalidated as a result of the agreement reached between Morris and the TWC; it is further

ORDERED that all other relief requested by the TWC's motion is denied.

### End of Memorandum Opinion and Order ###