Kimberly A. Walsh
Texas Bar No. 24039230
Assistant Attorney General
Bankruptcy & Collection Division MC 008
P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4863
Facsimile: (512) 936-1409
Kimberly.Walsh@texasattorneygeneral.gov

ATTORNEYS FOR THE TEXAS
WORKFORCE COMMISSION

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| In re: | § | CASE NO. 13-50150-RLJ-7 |
| | § | |
| JASON KYLE MORRIS | § | Chapter 7 |
| Debtor | § | |

| | | |
|---|---|---|
| JASON KYLE MORRIS | § | |
| Plaintiff | § | ADVERSARY NO. 15-05016-RLJ |
| v. | § | |
| | § | |
| TEXAS WORKFORCE COMMISSION | § | Docket Call: July 27, 2016 at 1:30 p.m. |
| Defendant | § | |

**TEXAS WORKFORCE COMMISSION'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE THE VALIDITY OR IN THE ALTERNATIVE EXTENT OF LIEN**

The Texas Workforce Commission ("TWC"), appearing through the Texas Attorney General's office, responds to Jason Kyle Morris' ("Debtor" and/or "Plaintiff") Motion to Determine the Validity or in the Alternative Extent of Lien of Texas Workforce Commission (the "Adversary") [Docket No. 2] as follows:

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted in part and denied in part. The first sentence of Paragraph 3 is admitted. The second sentence of Paragraph 3 is admitted. Unable to admit nor deny the third

sentence of Paragraph 3; therefore, it is denied. The fourth sentence of Paragraph 3 is admitted. The fifth sentence of Paragraph 3 includes legal conclusions to which no response is required. To extent the fifth sentence of Paragraph 3 constitutes factual allegations, it is denied.

4. Paragraph 4 includes legal conclusions to which no response is required. To extent Paragraph 4 constitutes factual allegations, it is denied.

5. Paragraph 5 includes allegations that are moot following the April 28, 2016 entry of the Court's Memorandum Opinion and Order ("Order")[Docket No. 17]. To the extent Paragraph 5 constitutes factual allegations that survived the Order, it is admitted in part and denied in part. TWC admits that it was approached after Plaintiff received his Chapter 7 discharge. The remainder of Paragraph 5 is denied.

6. Paragraph 6 includes allegations that are moot following entry of the Order. To the extent Paragraph 6 constitutes factual allegations that survived the Order, Paragraph 6 is admitted in part and denied in part. TWC admits that it received a payment in the amount of $9,300.47. The remainder of Paragraph 6 is denied.

7. Paragraph 7 includes allegations that are moot following entry of the Order. To the extent Paragraph 7 constitutes factual allegations that survived the Order, the TWC lacks sufficient information to form an opinion as to those allegations. Therefore, Paragraph 7 is denied.

8. Paragraph 8 includes allegations that are moot following entry of the Order. To the extent Paragraph 8 constitutes factual allegations that survived the Order, it is denied.

9. Paragraph 9 includes allegations that are moot following entry of the Order. To the extent Paragraph 9 constitutes factual allegations that survived the Order, it is admitted.

10. Paragraph 10 is a request for relief as to which no response is required. To extent this paragraph constitutes factual allegations, it is denied.

11. Paragraph 11 includes legal conclusions to which no response is required. In addition, Paragraph 11 includes allegations that are moot following entry of the Order. To the extent Paragraph 11 constitutes factual allegations that survived the Order, it is denied.

12. Paragraph 12 is a request for relief as to which no response is required. In addition, Paragraph 12 includes allegations that are moot following entry of the Order. To the extent Paragraph 12 constitutes factual allegations that survived the Order, it is denied.

The TWC denies that the Plaintiff is entitled to any of the relief requested. The TWC requests the Court enter an order in favor of the TWC, awarding to the TWC all costs and fees incurred in defending the Adversary, and granting such further relief to which the TWC is entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Kimberly A. Walsh*
KIMBERLY A. WALSH
Texas Bar No. 24039230
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4863
Facsimile: (512) 936-1409
Kimberly.Walsh@texasattorneygeneral.gov

ATTORNEYS FOR THE TEXAS
WORKFORCE COMMISSION

**CERTIFICATE OF SERVICE**

I certify that on May 11, 2016, a true copy of the foregoing was served by the method and to the following parties as indicated:

By First Class Mail:

Jason Kyle Morris
PO Box 64761
Lubbock, TX 79464

By Electronic Means as listed on the Court's ECF Noticing System:

- P. Howard Bailey Howard@howardbaileylaw.com

*/s/ Kimberly A. Walsh*
KIMBERLY A. WALSH