**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **JASON KYLE MORRIS,** | § | **CASE NO. 13-50150-RLJ-7** |
| **DEBTOR** | § | |
| | § | |
| **JASON KYLE MORRIS,** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 15-05016-RLJ** |
| | § | |
| **TEXAS WORKFORCE COMMISSION,** | § | |
| **DEFENDANT** | § | |

**ABSTRACT OF JUDGMENT**

In the above entitled and numbered cause, a judgment was rendered in this Court and duly entered, on July 20, 2016, in favor of Jason Kyle Morris against Texas Workforce Commission finding that Texas Workforce Commission's lien only attaches to non-exempt property owned by Jason Morris prepetition including: an Agreed Judgment in favor of Jason Morris d/b/a Morris Cement Contractors v. Garrett Hacker in Cause No. 2009-564,438 out of County Court at Law No. 3, Lubbock County, Texas, which is abstracted in Lubbock County Abstract of Judgment Records document 2010035082; and all other non-exempt property owned prior to May 30, 2013. It was further ORDERED that the Texas Workforce Commission lien does not attach to any property acquired by Jason Morris after May 30, 2013 and that all parties shall bear their own costs and expenses.

Costs have been taxed by the Clerk of Court in the sum of $-0-.

Credits reflected by returns on execution in the sum of $-0-.

Voluntary credits have been applied in the sum of $-0-.

I certify that the foregoing is a true and correct abstract of judgment rendered or registered in this Court.

DATED: 11/2/16

SEAL

UNITED STATES BANKRUPTCY COURT

Clerk, U.S. Bankruptcy Court
Northern District of Texas

By: ______________________
Deputy Clerk

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**THE DATE OF ENTRY IS ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 20, 2016**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE: JASON KYLE MORRIS,**<br>**Debtor.** | §<br>§<br>§ | **CASE NO. 13-50150-RLJ-7** |
| **JASON KYLE MORRIS,**<br>**Plaintiff.**<br><br>**vs.**<br><br>**TEXAS WORKFORCE COMMISSION,**<br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **ADVERSARY NO. 15-05016-RLJ** |

**AGREED JUDGMENT**

Came on to be considered the Agreed Judgment resolving the adversary action filed by the Plaintiff Debtor, Jason Kyle Morris ("Morris") against the Defendant Creditor Texas Workforce Commission ("TWC") wherein Morris requests the Court find that a tax lien asserted by TWC

("TWC Lien") attaches solely to a prepetition judgment held by Morris and the propriety of any attempts by the TWC to enforce the tax lien against any property acquired by Morris after his bankruptcy filing and discharge. The parties agree to resolve the adversary as follows:

1. The existing TWC Lien is valid against all non-exempt property owned by Morris as of May 30, 2013.

2. The existing TWC Lien is not valid against property acquired by Morris after May 30, 2013.

3. The only non-exempt property scheduled by Morris as being in his possession as of May 30, 2013 was an Agreed Judgment in favor of Jason Morris d/b/a Morris Cement Contractors v. Garret Hacker, An Individual; Gary Hacker, An Individual; Hacker, Inc., A Texas Corporation, in Cause Number 2009-564,438, out of County Court at Law No. 3, Lubbock County, Texas, which is abstracted in Lubbock County Abstract of Judgment records document 2010035082 (the "Judgment").

4. The existing TWC Lien is valid against any and all non-exempt property owned by Morris as of May 30, 2013, but not scheduled or otherwise disclosed by Jason Kyle Morris.

The Court approves the above agreement of the parties. It is, therefore,

ORDERED that the existing TWC Lien attaches to the Judgment. It is further

ORDERED that the existing TWC Lien is not valid against property acquired by Morris after May 30, 2013. It is further

ORDERED that the existing TWC Lien is valid against and attaches to any and all non-exempt property owned by Morris as of May 30, 2013, but not listed in his bankruptcy schedules or otherwise disclosed. It is further

ORDERED that each party shall bear their respective fees, costs and expenses associated with this proceeding.

AGREED as of the____day of July 2016.

JASON KYLE MORRIS

APPROVED AS TO FORM:

HOWARD BAILEY
Attorney for Jason Kyle Morris

KIMBERLY A. WALSH
Assistant Attorney General
Attorneys for Texas Workforce Commission

### End of Judgment ###

ORDERED that each party shall bear their respective fees, costs and expenses associated with this proceeding.

AGREED as of the____day of July 2016.

______________________________
JASON KYLE MORRIS

APPROVED AS TO FORM:

______________________________
HOWARD BAILEY
Attorney for Jason Kyle Morris

Kim Walsh
______________________________
KIMBERLY A. WALSH
Assistant Attorney General
Attorneys for Texas Workforce Commission

### End of Judgment ###